1  RODERICK G. DORMAN (SBN 96908)
   rdorman@mckoolsmithhennigan.com
2  ALAN P. BLOCK (SBN 143783)
   ablock@mckoolsmithhennigan.com
3  MCKOOL SMITH HENNIGAN, P.C.
   300 South Grand Avenue, Suite 2900
4  Los Angeles, California  90071
   Telephone: (213) 694-1200
5  Facsimile: (213) 694-1234

6  OMER SALIK (SBN 223056)
   omer.salik@activision.com
7  ACTIVISION BLIZZARD, INC.
   3100 Ocean Park Blvd.
8  Santa Monica, California  90405
   Telephone: (310) 255-2642
9  Facsimile: (310) 255-22152

10 Attorneys for Plaintiff
   Activision Publishing, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., | CASE NO.  2:16-cv-00737 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| xTV Networks, Ltd.; xTV Networks US, Inc.; and xTVNow, Inc., | **Demand For Jury Trial** |
| Defendants. | |

Plaintiff Activision Publishing, Inc. ("Activision") alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Plaintiff, Activision Publishing, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3100 Ocean Park Blvd., Santa Monica, California.

3. On information and belief, Defendant xTV Networks, Ltd. is a corporation organized and existing under the laws of Australia.

4. On information and belief, Defendant xTV Networks US, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 370 Bridge Parkway, Redwood City, California.

5. On information and belief, Defendant xTVNow, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 370 Bridge Parkway, Redwood City, California.

6. Defendants xTV Networks, Ltd., xTV Networks US, Inc. and xTVNow, Inc. are collectively referred to as "Defendants" herein.

7. On information and belief, Defendants have offered, sold, and distributed and continue to offer, sell and distribute, in this judicial district and elsewhere in the United States the "xTV Now" product and related software and services ("Accused Products").

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. §271 and has offered and provided Defendants' Accused Products to customers in California. Additionally, Defendants regularly do business, solicit business, engage in other persistent courses

of conduct, and/or derive substantial revenue from products and/or services provided to individuals in this district and have purposefully established substantial, systematic, and continuous contacts with this district and expects, or should reasonably expect, to be hauled into court here.  Additionally, the economic harm from the wrongful acts described in this Complaint were directed at and suffered by Activision within this judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
## (Infringement Of U.S. Patent No. 6,549,933)

11. Plaintiff reincorporates by reference Paragraphs 1-10 as if set out in full herein.

12. On April 15, 2003 United States Patent No. 6,549,933 ("the '933 Patent") was duly and legally issued for an invention entitled "Managing, accessing, and retrieving networked information using physical objects associated with the networked information."  The '933 Patent has been assigned to Activision, and Activision is the sole and exclusive owner of the '933 Patent and holds all rights and interests in the '933 Patent.  Among other things, Activision holds the sole and exclusive right to enforce the '933 Patent against alleged infringers.  A copy of the '933 Patent is attached hereto as Exhibit A.

13. On September 3, 2015, Defendants' Managing Director, Joe Ward, was notified of the '933 Patent and was offered to license the '933 Patent in connection with the Accused Products. Defendants, by and through Joe Ward, declined to reach a licensing agreement in connection with the '933 Patent.

14. Defendants have directly infringed and continue to infringe one or more claims of the '933 Patent, including at least claims 28 and 55, by its manufacture, use,

sale, importation, licensing and/or offer for sale of the Accused Products, which embody and/or practice one or more claims of the '933 Patent.

15. Defendants also have infringed and continue to infringe one or more claims of the '933 Patent by contributing to and actively inducing others, including end user customers, to directly infringe the '933 patent by their use, sell, import and/or offer for sale the Accused Products. Defendants are liable for their infringement of the '933 Patent pursuant to 35 U.S.C. §271(a)-(c).

16. According to an xTV press release, "xTV offers a real-time platform for companies looking to integrate their social needs which are then custom built and loaded up to the xTV Now device to create a company's own Online .TV. xTV Now plugs into the HDMI port on most smart televisions and is no bigger than a USB storage device. Companies then have access to a real-time feed, which is updated with tailored selections from YouTube, Twitter, news services, and the company's own media content."

17. According to an xTV product description, the Accused Products allow users to "Deploy your own online TV network using the xTV Now HDMI device. Each device connects to your local network via Ethernet or WiFi to the TV Application Services Platform in the cloud. Highlights include: a. An HD-ready xTV Set Top Box connects to your HD Screen. b. Interactive with a smartphone via the cloud."

18. According to an xTV internet page, "xTV Now Interactive Digital Signage delivers xTV Cloud TV Networks wirelessly (or wired) to any HDTV, monitor, projector, kiosk, or screen with an available HDMI port. xTV Now uses a small, high-performance compute stick for network access – no need to replace existing equipment."

19. On information and belief, Defendants and the Accused Products practice each step of at least claim 28 of the '955 Patent. On information and belief,

1  Defendants practice a method of information management in a network-based system.
2  For example, on information and belief, Defendants' digital signage service in
3  connection with the Accused Products provides a method of information management
4  in a network-based system. In information and belief, the Accused Products read an
5  ID from an independently portable physical object that is a data storage device. For
6  example, on information and belief, the Accused Products read an ID from an xTV
7  Now HDMI device, which is a data storage device. On information and belief, that ID
8  represents an identity of a particular xTV Now device. On information and belief, the
9  ID is associated with information stored at an information store separate from the xTV
10 Now device. On information and belief, the Accused Products determine a location
11 for where the information is stored based on the ID. On information and belief, the
12 Accused Products retrieve the information associated with the xTV Now device from
13 the network-based system using the ID.

14     20. On information and belief, the Accused Products practice and embody
15 each limitation of at least claim 55 of the '933 Patent. On information and belief, the
16 Accused Products are articles of manufacture comprising an independently portable
17 physical object that is a data storage device. For example, on information and belief,
18 xTV Now comprises an HDMI device including, among other things, a data storage
19 device. On information and belief, the Accused Products store an ID that represents
20 an identity of the xTV Now HDMI device. On information and belief, the Accused
21 Products have a device ID that is associated with information stored at an information
22 store separate from the device on a network-based system. On information and belief,
23 the Accused Products are used to determine a location for where the information is
24 stored and retrieve the information associated with the device from an information
25 store.

26     21. Defendants' infringement of the '933 Patent has caused damage to
27 Activision, and Activision is entitled to recover from Defendants the damages it has
28

McKool Smith Hennigan, P.C.
Los Angeles, CA

1  sustained as a result of Defendants' wrongful acts in an amount subject to proof at
2  trial.
3     22.   Defendants' infringement of the '933 Patent will continue to damage
4  Activision, causing irreparable harm for which there is no adequate remedy at law,
5  unless enjoined by this Court.
6     23.   Upon information and belief, Defendants' infringement of the '933 Patent
7  is willful and deliberate, entitling Activision to increased damages under 35 U.S.C. §
8  284 and to attorneys' fees and costs incurred in prosecuting this action under 35
9  U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Activision requests entry of judgment in its favor and against the Defendants as follows;

a. Declaring that Defendants have infringed U.S. Patent Nos. 6,549,933;

b. Awarding damages arising out of Defendants' infringement of U.S. Patent No. 6,549,933, including prejudgment and post-judgment interest, in an amount according to proof at trial;

c. Preliminarily enjoining Defendants and their respective officers, agents, employees, and those acting in privity or in concert with them, from further infringement, including contributory infringement and inducing infringement, of U.S. Patent No. 6,549,933;

d. Permanently enjoining Defendants and their respective officers, agents, employees, and those acting in privity or in concert with them, from further infringement, including contributory infringement and inducing infringement, of U.S. Patent No. 6,549,933;

e. Awarding treble damages pursuant to 35 U.S.C. § 284 and awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

McKool Smith Hennigan, P.C.
Los Angeles, CA

  f. Awarding such other costs and further relief as the Court may deem just and proper.

DATED: February 2, 2016    RODERICK G. DORMAN
              ALAN P. BLOCK
              MCKOOL SMITH HENNIGAN, P.C.


            By: */s/ Alan P. Block*
              Roderick G. Dorman (SBN 96908)
              Alan P. Block (SBN 143783)
              Attorneys for Plaintiff
              Activision Publishing, Inc.

## JURY DEMAND

Activision requests a trial by jury.


DATED: February 2, 2016          RODERICK G. DORMAN
                                 ALAN P. BLOCK
                                 MCKOOL SMITH HENNIGAN, P.C.


                                 By: */s/ Alan P. Block*
                                     ALAN P. BLOCK (SBN 143783)
                                     Attorneys for Plaintiff
                                     Activision Publishing, Inc.